Mr. Westerfeld. Thank you, Your Honor, may it please the court. The issues that are before the court today are, number one, is a juvenile transfer order and an appeal from that a civil appeal or a criminal appeal? And the second question is, is the Indiana attempted robbery offense, does it fit the definition under 5032 of the Juvenile Act as a violent felony? First of all, with regard to what is a juvenile case, I believe we pointed out quite extensively in the brief that juvenile cases have been considered civil proceedings in almost every case, well, in every case that we reviewed. I would note that the government has pointed to no case where any court has said an appeal from a juvenile order is a criminal appeal. The government talks about status, that now the transfer has been granted, that this is a criminal appeal, and we'd note that the criminal case arose after this order was entered by Judge Stinson. The criminal case is before Judge Lawrence. And so this juvenile finding, or this collateral order that we are appealing, we would submit is a civil appeal, and as such, our notice appeal is timely filed. I would note that if the court were to rule otherwise, the confusion that I believe it would create in regard to federal juvenile cases would be extensive, because at that point in time, it becomes a matter, if a juvenile case is, quote, a criminal case for appeal purposes, then why is it also not a criminal case when it comes to regarding the right to have a grand jury indictment, the right to a speedy trial under the criminal procedures, and do all of the criminal procedures at the trial level now apply to criminal proceedings? So we believe it is timely, and moreover, we don't believe that the government was in any way misled or prejudiced by the fact that this notice of appeal was filed under the civil rules. Under the civil side. Well, there are a lot of hybrid situations, such as 2255, where there certainly is a criminal background, and yet they're considered under the civil time limits for filing a notice of appeal. If you have a 2255, you have 60 days. So I wanted to ask you how you cope with our relatively recent decision in Hill on the second point. Suppose you get over this timeliness business, and the appeal is timely filed. There's some pretty broad language in Hill about attempts being crimes of violence, if the underlying thing that you're attempting is. And I think there was an earlier case where Judge Hamilton wrote on a pen. He wrote a concurring opinion, which then gets adopted in Hill.  Indiana's attempt robbery cases are, I think, somewhat different than every other state's attempt robbery interpretation. The Indiana Supreme Court and the Court of Appeals has made it clear that in Indiana, you do not have to show that the defendant intended to complete the crime of robbery as an element of attempt robbery. I would note that if you look at the, in the brief there is a quote of the elements that a jury is instructed on in attempt robbery, the instructions do not say that it must be shown that the defendant knowingly or intentionally intended to commit the crime of robbery. It says that he performed a substantial step toward the knowing or intentional taking of property from the person of another by the use of force, threat of force, or putting them in jail. By using or threatening the use of force. Yeah. So I wondered if you were saying basically that if you take, if you threaten to threaten someone, if you are taking a substantial step toward threatening, maybe you're not taking a substantial step toward the next point down that line, the actual use of force. The problem is, is that under the substantial step, and I believe in the brief we talk about this, this statute comes from the model criminal code. There's an outline of actions that can be substantial steps and reviewing those, there are many of those which have nothing to do with attempting to use force or attempting to threaten the use of force. And so. So what would be the scenario under which a defendant engaged in conduct that constituted a substantial step toward Indiana robbery, but in which there was no proof that he intended to rob? You know, I think they talk about, say, driving a getaway car or getting a getaway car. You know, sitting in that car, which could be a substantial step towards commission of a robbery. Now, one of the red herrings that the government uses is in the Indiana cases in trying to define what is a substantial step toward committing the crime of robbery, okay? They go back and they say that if the actions or conduct suggest that there is an intent to commit robbery, then that's a substantial step, okay? Now that definition is not an element. What they're doing is defining what a substantial step is. But does the government have to prove that the defendant intended to complete the crime of robbery? No. Well, that's the distinction you're drawing here at page 20 of your brief. Specific intent to complete the crime here to rob versus specific intent to take the substantial step. Is that a fair summary? And the vast majority of jurisdictions, Illinois included, which was at issue in Hill, do in intent to complete the crime. Right. And in fact, Indiana, when it comes to attempted murder, requires proof of a specific intent to kill, to complete the crime of murder. So Indiana does sometimes, but not for robbery, you're saying? But for some reason, the Indiana courts have just said that does not, that specific intent, that general intent to complete the crime, does not apply with regard to robbery and any other attempted crime beyond murder. So you distinguish Hill, I'm just going to summarize because you're pushing up against your rebuttal. You would just say Hill is fine for statutes that match the Illinois statute, but Indiana doesn't, therefore, Hill doesn't control. Yes. That's our argument. Thank you. Okay. Thank you. Mr. Reitz. May it please the court, Brian Reitz for the United States. We would jump right in there and say that Hill draws no such distinction. But it had no occasion to, of course, as we've been saying, because it had a statute before it that did require specific intent to commit the crime. And it quite rationally said, if you have specific intent to commit the crime, then that must mean you have specific intent to put all the elements of the crime in place. Your Honor, I think... So, but Indiana seems to have a strange and unusual definition. Well, starting there, I don't think it's strange. I mean, in this context, we've always looked at the model penal code, and the model penal code says attempt, says the attempt with the culpability requisite for the underlying offense, and that's exactly what Indiana has. But the statutory language is different, and I worry about the infinite regression. A person who knowingly or intentionally takes property from another, a person who attempts to commit a crime, when acting with the culpability, the person engages in conduct that constitutes a substantial step. So if I take a substantial step toward threatening you, you know, I write the letter to threaten you, have I taken a substantial step toward robbing you? A couple things. I think, first of all... Or maybe I threatened to threaten you. Well, first of all, we think threatening to threatening is contemplated by the statute by... Threatening to threatening to threaten? I mean... Well, I think there is some line where it would no longer even be attempted robbery, and I think we're in the land where we're searching for hypotheticals and using our legal imagination, which the Supreme Court has cautioned. You should. So what if somebody intends to hold up a cashier in a 7-Eleven, and they don't want to use a real gun because, you know, that would be dangerous, and they don't want it to suddenly go off, and they're stalking around in front of the 7-Eleven, and a police officer arrests them before the cashier has been threatened. Conviction for attempted robbery or no? I think if the jury believed that was a substantial step, yes, that would suffice. So where's the threat for force? Well, the statute contemplates attempted threaten of force. So the... Attempt to threaten. This is different from Illinois' law. Well, be that as it... Illinois' law does require specific intent to complete the crimes. And I would draw... Indiana does not. Returning to what Your Honor said about Hill. Hill had broad language, and it said... Attempts to commit a substance offense that are in and of themselves is a violent offense. I know Hill said that, but let me say, after 23 years as a federal judge, sometimes you say things because they seem obvious to you in the case before you, and then you suddenly discover that there's a set of facts that you didn't know about before. And you look at the language from the old case, and you say, well, it was never intended to meet this other set of facts. So if Indiana has a different statute, don't we have a duty to look at the Indiana statute that is actually the one at issue in this case for whether this young person is going to have a mandatory transfer, and make sure that we're looking at Indiana law correctly? I think it's fair to say that you have to look to Indiana law, but again, Hill was very broad and I would point back to the model... But Hill wasn't talking about Indiana law. But I think Hill has to be understood as viewing attempt as how they normally are, and again, how the model penal code is. And it's very common for attempt statutes to say, with the culpability requisite for the underlying offense, which is what Indiana has, which is not uncommon. What do you do with Richeson against State, which your opponent cites, 1998 Indiana Supreme Court decision? Indiana statutes, the Indiana Court of Appeals says this, he quotes in 2005, defining attempt and robbery do not require the State to prove that the defendant intended to commit robbery. That is using intent in the legal term of art. So yes, it's true. What's wrong with that? Isn't that our business? Yes, but that allows for a knowing or intentional robbery, which again, we're not dipping below the requisite mental state that the Supreme Court is worried about. We're still above the recklessness. We're in knowing or intentionally. So I think that is... So where do you see Indiana... If Indiana doesn't require a specific intent to commit the underlying crime, then it's different from Illinois. Illinois clearly does require that. I think it's different than Illinois, but Hill did not draw a distinction based on knowing or intentionally. It wasn't required to. It did not have the Indiana law in front of it. I think that understanding is fair, but again, the Supreme Court has never drawn the line for these types of offenses below knowingly. Knowingly is counted for all ACCA, for 16B, for everything. When you get below the knowingly, that's been the problem, and Indiana is above reckless. We are at knowing or intentionally. I think you're talking about something that's off the point. We're trying to figure out whether this is a crime of violence, right? The conviction for attempt is broader than the usual conviction for attempt, and it seems to me it is. Well, I think Hill adopted Morris, so we would go back to Judge Hamilton's concurrence in Morris, and Morris posited essentially the exact hypothetical that we would be talking about in an attempted murder, and it said, of course, this is a type of crime. Well, and in Indiana, it would be too, because of the way the Indiana statute reads. He didn't murder anybody or attempt to. No, so Morris hypothesized both attempted murder and attempted robbery, so we are exactly in the realm that Morris contemplated. And in Indiana, it's different. I don't think so. It may be a little different than Illinois, but it's a standard fair attempt. Counsel, does the Collier v. State case compare the two of the Indiana and Illinois? Are you familiar with the Collier? The Indiana Court of Appeals case, Collier? Yes. Yeah. And did it compare the Indiana and Illinois statutes? If it did, I'm forgetting, Your Honor. I'm sorry. I read that recently. But — Is it your argument that Indiana does not explicitly require the men's way of intent, as Illinois more clearly does, but that it does require a knowing attempt? In other words, a person has to know that they're on their way to rob a bank and intend to do it, as opposed to play acting, for example. And so, is what you're saying that that's sufficient, along with the holdings that Indiana robbery is a violent crime? Yes. And — Yeah. Okay. Yes to both your questions in there, Judge Rovner. First of all, Indiana doesn't require intentional, because you can dip down to knowing, because again, as many attempt statutes do, it's the — you have to act with a requisite mental state of the underlying offense. So that's what Indiana does. And two, yes, there is nothing to suggest that a knowing attempt is insufficient under this crime of violence jurisprudence. I think, going back to Your Honor's question to my opponent about a hypothetical where this wouldn't, and there is no hypothetical. There's certainly no Indiana case that's defined attempted robbery in a way that wouldn't square with our common understanding of what a violent offense is. It would always have the element, the use, or the attempted use of force. So we're, at best, for DDB, we're in this hypothetical legal imagination world, which the Supreme Court has cautioned against. And there's no real world, real case example where we wouldn't think, yes, this is clearly a crime of violence because this attempted robbery falls within the language. And again, I would point — But I thought you did concede that the link between the substantial step and the use of And you agreed, in my hypothetical, that there would be guilt of attempted robbery, even though he is walking around outside with a toy gun and he never even makes it inside. And I presume you would agree that other threats to, you know, even in a phony way to scare somebody would also be attempted robbery? If I could start. If I did concede, I certainly did not mean to. We think that every single attempted robbery conviction is a crime of violence. Because the statute contemplates attempts, the statute contemplates threatening. So you could attempt to rob somebody by sending them an email saying that I'm going to send the Chicago police in to take all of your goods away, and that would be attempted robbery, that would be threat of violence. Yes. So I think that hypothetical is something what this court talked about in Duncan, the email, and that's not really what Indiana robbery is about. In fact, that's not what- But it's an attempt, it's a substantial step, you know, I'm telling you I'm going to come rob you, or I'm going to use agents to come rob you. That would be violent, Your Honor. Not only would that be- Violence doesn't mean anything, then, does it? Violence doesn't mean that there's actually violence. Well, because attempt is contemplated in the statute. Violence doesn't have to come about, that's true. And violence doesn't really, I mean, but threatening to threaten somebody is enough. I'm going to threaten you tomorrow. Well, we think that's a threat, Your Honor. I don't think there's any distinction between a threat to threat. A threat to threat is a threat. If one says, I'm going to threaten you tomorrow, that's a threat. Okay. I mean, it's a very capacious concept. Well, we don't think that Indiana defines attempt in that capacious of a manner, and we think that Duncan, in combination with Hill, controlled this case. Okay. Thank you. Mr. Westerfeld. Your Honors, I would go back to the actual language of 1532 and the elements clause. It requires a showing that the prior crime has an element of proof involving the use, attempted use, or threatened use of physical force. The government would have this court define that section by saying, quote, if it's a violent crime, if the substantive crime is a violent crime, then any attempt, therefore, is also a violent crime. Now, this use of the word violent crime is just a generic term that we use, but the statute talks about elements. Indiana does not require an element of proof for attempted robbery that the defendant used, attempted to use, or threatened the use of physical force. Now, going to this mens rea requirement that the government is trying now to add on to an attempted robbery case, it does not say that they knowingly or intentionally committed the crime of robbery, or that they intend to commit the crime of robbery, or that they has a conscious objective to commit a crime of robbery. It just says they committed a substantial step toward the knowing or intentional taking of property from the person or presence of another by the use of force, threat of the use of force, or by putting them in fear. Now, I think it's important if you look where the knowing or intentional is, it's not saying they knowingly or intentionally intended to commit the crime of robbery. That's not an element of proof under this interpretation of attempted robbery in Indiana. It is an anomaly. Hill applies if you have a state statute, criminal statute, which says that there must be an element of proof that the defendant intended to commit the crime of robbery when they committed this substantial step towards the commission of robbery. Indiana does not require that. That's the difference. You can't gloss over that. Finally, I'd point out that the court in Hill and Judge Hamilton, in his opinion, looked at specifically the word, the phrase, intended to commit the attempted crime. That was what the judges in Hill and what Judge Hamilton was looking at. That doesn't exist under Indiana law. Therefore, this does not have an element of proof that fits that definition under 5032. The reference to the model penal code, I made that reference because of the substantial steps that were outlined. Thank you. Thank you very much. Thank you. You were appointed, were you not?  We appreciate your taking the time. Thank you very much. I appreciate it. Thank you. Thanks as well to the government. We will take this case under advisement.